IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 8:01CR219 |
| | ) | |
| v. | ) | |
| | ) | |
| ELIJAH H. HARRIS, III, | ) | MEMORANDUM OPINION |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the Court on defendant's "Motion for Petition for Rule 60(b)(4) Void Judgment Because of a Defect in Federal Habeas Corpus Proceedings' Integrity" (Filing No. 179). For the reasons set forth herein, the Court finds that defendant's motion should be denied.

### BACKGROUND

On April 23, 2002, the defendant entered a plea of guilty to Count I of an indictment charging him with conspiracy to distribute a mixture containing cocaine base. Based on the defendant's criminal history, the Presentence Investigation Report ("PSI") assigned defendant a Criminal History Category of V. The Court adopted the presentence report and sentenced the defendant to 324 months in prison followed by five years of supervised release.

The defendant appealed to the United States Court of Appeals for the Eighth Circuit, which affirmed the District Court.

On April 19, 2004, the defendant filed a motion under 28 U.S.C. § 2255 to vacate, set aside or correct sentence (Filing Nos. 141, 153). The defendant claimed: (1) he received ineffective assistance of counsel because his attorney failed to request a minimal or minor role reduction at sentencing; (2) counsel was ineffective because he failed to request a downward departure on the ground that his criminal history category of V over-represented the seriousness of his criminal history; (3) counsel was ineffective because counsel failed to argue on appeal an issue properly preserved before this Court; and (4) the sentence enhancement he received for obstructing justice violated his Sixth Amendment rights under *Blakely* because the enhancement was not determined by a jury. On September 30, 2004, the Court denied defendant's § 2255 motion (Filing No. 157).

The defendant filed the instant motion purportedly pursuant to Rule 60(b)(4) of the Federal Rules of Civil Procedure,[1] claiming the Court considered unconstitutional prior state court convictions when calculating the defendant's sentence. The defendant argues that the state court convictions

---

[1] Rule 60(b)(4) provides:

(b) On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons. . .(4) the judgment is void. . . .

F.R.C.P. 60(b)(4).

-2-

are void because the charging documents contained disjunctive and duplicitous allegations.

## DISCUSSION

In *Boyd v. United States*, 304 F.3d 813, 814 (8th Cir. 2002), the Eighth Circuit determined that if a district court determines that a Rule 60(b) motion is actually a successive habeas petition, the motion should be dismissed for failure to obtain authorization from the court of appeals, or in the district court's discretion, transferred to the court of appeals. "It is well-established that inmates may not bypass the authorization requirement of 28 U.S.C. § 2244(b)(3)[2] for filing a second or successive § 2254 or § 2255 action by purporting to invoke some other procedure." *United States v. Lambros*, 404 F.3d 1034, 1036 (8th Cir. 2005)(citing *United States v. Patton,* 309 F.3d 1093 (8th Cir. 2002).

The Court finds the instant motion, filed more than two years after defendant's habeas petition, is actually a successive habeas petition, and the defendant has not obtained authorization from the Eighth Circuit.  Furthermore, the arguments made in the motion could have been raised in the defendant's prior habeas

---

[2]28 U.S.C. § 2244(b)(3) states, in pertinent part:

```
Before a second or successive application permitted by this section is
filed in the district court, the applicant shall move in the appropriate
court of appeals for an order authorizing the district court to consider
the application.
```

-4-

petition.  The defendant addressed his sentence and his Criminal History Category of V in that petition (Filing Nos. 141 and 153).  For the reasons stated above, the Court will deny defendant's motion and will not transfer the motion to the Eighth Circuit.  A separate order will be entered in accordance with this memorandum opinion.

DATED this 19th day of September, 2006.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court